UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON,<br><br>      Plaintiff,<br> v.<br><br>NORDSTROM et al.,<br><br>      Defendants. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

  This matter comes before the Court sua sponte. Plaintiff Amanda Johnson fails to adequately allege the citizenship of two of the Defendants or the amount in controversy for purposes of diversity jurisdiction. The Court therefore dismisses her complaint without prejudice for lack of subject matter jurisdiction and allows her to file an amended complaint as set forth below. *See* Fed. R. Civ. P. 12(h)(3).

          **I. BACKGROUND**

  Ms. Johnson contends that in March 2023, she returned eight new pairs of shoes to Nordstrom, but the company issued her a refund for only five of them. Dkt. No. 3 at 5. Her subsequent attempts to obtain the rest of the refund were not successful. "Julie of Nordstrom"

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 1

emailed her and promised to follow up but did not. *Id.* When Ms. Johnson called Nordstrom, she was transferred to another employee named "Will." *Id.* Ms. Johnson alleges that Will "used his pre-owned environmental racist nature to fraudulently change the [return] dates on the shoes asserting that [they] were returned . . . 11-22-2019 and 11-27-2019" and refunded "as of November 11th, 2019," even though the shoes were returned and partially refunded in March 2023. *Id.*

Ms. Johnson filed her complaint in this Court in November 2023 against Nordstrom, Julie, and Will. Dkt. No. 1. She asserts a claim for breach of contract, alleging that Defendants failed to "refund all the shoes in the accurate amount." Dkt. No. 3 at 6. She seeks $100,000 "in compensation to condemn this type of unlawful disparate treatment as an example to all companies." *Id.* at 7. Although Ms. Johnson contends that she was subjected to "persecution . . . due to [her] ethnicity," *id.*, she does not assert a cause of action related to that alleged persecution.

## II.  DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). And because "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), they are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting jurisdiction has the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Relevant here is 28 U.S.C. § 1332(a)(1), which grants district courts original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). The complaint alleges that Ms. Johnson is a citizen of Alabama and Nordstrom is a citizen of Washington. Dkt. No. 3 at 4. However, the complaint does not allege the citizenship of individual Defendants "Julie of Nordstrom" or "Will of Nordstrom." *Id.* at 2, 4. Therefore, it does not adequately allege that the parties are diverse.

The Court also has doubts that the amount in controversy is met. When, as here, the plaintiff files her complaint in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The complaint seeks $100,000 in damages, *id.* at 5, 7 but does not explain that amount or provide a basis to believe that the value of the alleged shoe return mix-up for the three pairs in question satisfies the amount in controversy requirement. Therefore, it does not appear that the demand is made in good faith. *See also Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (per curiam); *Young v. Bank of Am., N.A.*, No. 2:21-CV-9541-SVW-E, 2022 WL 1288224, at *1 (C.D. Cal. Mar. 31, 2022), *adhered to on reconsideration*, No. 2:21-CV-9541-SVW-E, 2022 WL 3013096 (C.D. Cal. May 26, 2022), *and appeal dismissed sub nom. Young v. Bank of Am., N.A.*, No. 22-55428, 2023 WL 3124880 (9th Cir. Feb. 8, 2023).

The Court therefore dismisses the complaint for lack of subject matter jurisdiction but permits Ms. Johnson an opportunity to cure the deficiencies in her complaint. *See Akhtar v. Mesa*,

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 3

698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)); *Yuzhou Peng v. Microsoft Corp.*, No. 2:19-CV-639-RAJ, 2019 WL 6310558, at *2 (W.D. Wash. Nov. 25, 2019) (leave to amend "must be granted with extreme liberality"). Accordingly, the Court grants Ms. Johnson 21 days to file an amended complaint. If she fails to timely file an amended complaint correcting the identified deficiencies, the Court will dismiss this action with prejudice.

### III.  CONCLUSION

The Court dismisses the complaint without prejudice. Ms. Johnson shall, within twenty-one (21) days of the date of this Order, file an amended complaint that establishes this Court's jurisdiction. Ms. Johnson is advised that an amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Johnson believes support each claim, the citizenship of all defendants, and the specific relief requested. If a proper amended complaint is not filed within twenty-one (21) days of the date of this Order, this action will be dismissed with prejudice.

Dated this 19th day of January, 2024.

Lauren King
United States District Judge