UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>NORDSTROM,<br><br>                    Defendant. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER VACATING THE JUDGMENT, DISMISSING THE AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Amanda Johnson's amended complaint, Dkt. No. 9, which she filed after the Court dismissed this case and entered judgment, Dkt. Nos. 7–8. For the reasons set forth below, the Court vacates the judgment, considers and dismisses Ms. Johnson's amended complaint for lack of subject matter jurisdiction, and grants Ms. Johnson leave to file a second amended complaint.

## I. BACKGROUND

Ms. Johnson filed her complaint in November 2023, alleging a breach of contract claim against Nordstrom and two of its employees based on their alleged failure to issue her a refund for three pairs of returned shoes. Dkt. No. 3 at 5–7. The complaint alleged jurisdiction based on

1  diversity. *Id.* at 4. On January 19, 2024, the Court dismissed Ms. Johnson's complaint without
2  prejudice for failure to establish subject matter jurisdiction because the complaint did not show
3  that the parties were diverse or that the requisite amount in controversy was met. Dkt. No. 4 at 2–
4  3. Because Ms. Johnson is proceeding pro se, the Court allowed her leave to amend and stated that
5  unless a proper amended complaint was filed "within twenty-one (21) days of the date of this
6  Order, this action will be dismissed with prejudice." *Id.* at 4. The 21-day period expired on
7  February 9, 2024.

8        On February 14, 2024, the Court dismissed the action with prejudice because Ms. Johnson
9  did not file an amended complaint or request an extension of time to do so. Dkt. No. 7 at 1–2. The
10 Court entered judgment on February 15, 2024, Dkt. No. 8, then received an amended complaint
11 from Ms. Johnson on February 20, 2024, Dkt. No. 9 at 1. Ms. Johnson states that she did not
12 receive the Court's order until February 2, 2024, and her amended complaint was postmarked
13 February 9, 2024. *Id.* at 6, 12. Ms. Johnson filed a notice of appeal to the Ninth Circuit Court of
14 Appeals, which the Court received on February 27, 2024. Dkt. No. 10 at 1–2.

15                                **II.   DISCUSSION**

16 **A.   The Court Vacates the Judgment under Rule 60(b)(1)**

17       "The Supreme Court has instructed the federal courts to liberally construe the 'inartful
18 pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting
19 *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). Following that instruction, the Court
20 liberally construes Ms. Johnson's amended complaint and her assertion that she belatedly received
21 the Court's order as a motion for relief from the judgment under Federal Rule of Civil Procedure
22 60(b)(1). *See, e.g.*, *Navarrette v. Wren*, No. 3:22-cv-0006-LL-AHG, 2023 WL 5154508, *4 at n.1

23

24

ORDER VACATING THE JUDGMENT, DISMISSING THE AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND - 2

1  (S.D. Cal. Aug. 9, 2023) (liberally construing pro se filing as a Rule 60 motion for relief from

2  judgment), *report and recommendation adopted*, 2023 WL 8434023 (Dec. 5, 2023).[1]

3    "Rule 60(b)(1) of [the Federal Rules of] Civil Procedure provides that a court may relieve

4  a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence,

5  surprise, or excusable neglect." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

6  "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline

7  is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United

8  States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted) (quoting *Pioneer Inv. Serv.

9  Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 394 (1993)). "[T]he determination of

10 whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger

11 of prejudice to the opposing party; (2) the length of the delay and its potential impact on the

12 proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

13 *Bateman*, 231 F.3d at 1223–24. "These four enumerated factors, while not an exclusive list,

14 provide a framework with which to determine whether missing a filing deadline constitutes

15 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

16   When this case was dismissed, it was still in the screening stage, the Court had not yet

17 entered a case schedule, and Defendant Nordstrom had not been served.[2] Under these

18 circumstances, Nordstrom will not suffer any prejudice if the case were reopened. Although

19 reopening the case and allowing Ms. Johnson one more chance to establish the Court's subject

---

[1] Under Federal Rule of Appellate Procedure 4(a)(4), if a party files a notice of appeal after the court enters a judgment but before it disposes of a motion for relief from the judgment under Rule 60, "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

[2] The amended complaint dismisses the claims against the individual employees, leaving only Nordstrom as a defendant. Dkt. No. 9 at 1, 11.

ORDER VACATING THE JUDGMENT, DISMISSING THE AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND - 3

matter jurisdiction as set forth below will delay the case's resolution, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1196.

Ms. Johnson filed her amended complaint less than a week after the Court entered judgment and less than two weeks after the lapsed filing deadline, Dkt. Nos. 8–9, so the delay and impact on the proceedings is minimal. *See, e.g.*, *Navarrette*, 2023 WL 5154508, at *3 (finding that the delay was "minimal" when the plaintiff filed a motion to set aside the judgment one day after the court dismissed the case and eight days after the missed objections deadline). There is no evidence of bad faith; Ms. Johnson—who lives in Alabama—avers that she did not receive the Court's order until February 2, 2024, and she then acted quickly and mailed her amended complaint one week later. Dkt. No. 9 at 6. Although Ms. Johnson was careless in *mailing* her amended complaint on February 9, 2024 rather than *filing* it on that date as required, the short delay does not show bad faith in light of her pro se status and the time needed to draft her amended complaint. The Court therefore finds that the factors weigh in favoring of granting relief under Rule 60(b)(1), and that the delay in filing the amended complaint was the result of excusable neglect. Finally, the Court notes that "[p]ublic policy favors disposition of cases on their merits[.]" *Odegaard v. VCA Crown Hill Animal Hosp.*, No. C09-0740-JLR, 2010 WL 1875807, at *3 (W.D. Wash. May 10, 2010). Accordingly, the Court vacates the judgment and order dismissing this case. Dkt. Nos. 7–8.

**B.     Ms. Johnson Still Fails to Establish this Court's Subject Matter Jurisdiction**

Having vacated the judgment, the Court considers Ms. Johnson's amended complaint and whether it establishes the Court's subject matter jurisdiction. Ms. Johnson has abandoned her breach of contract claim and now asserts a claim for violation of the Equal Credit Opportunity Act ("ECOA"). Dkt. No. 9 at 8 (alleging that Nordstrom employees discriminated against her based on her race by refusing to issue her a "complete refund for the remaining shoes" she returned to Nordstrom). The ECOA prohibits creditors from discriminating against "any applicant" in credit

ORDER VACATING THE JUDGMENT, DISMISSING THE AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND - 4

transactions on the basis of race and other protected categories. 15 U.S.C. § 1691(a). An "applicant" is "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b).

This Court liberally construes pleadings filed by pro se litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Still, a court "should 'not supply essential elements of the claim that were not initially pled.'" *Henderson v. Anderson*, No. C19-00789-RAJ, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). Here, even construing the amended complaint liberally, it does not allege that Ms. Johnson was an applicant for credit with Nordstrom. The claim is wholly insubstantial and frivolous and is alleged solely for the purposes of obtaining jurisdiction, and it thus does not confer subject matter jurisdiction. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (noting that courts may dismiss a federal question claim for lack of subject matter jurisdiction when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or it is "wholly insubstantial and frivolous" (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

The amended complaint does not establish diversity jurisdiction either. When, as here, the plaintiff files her complaint in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* Ms. Johnson asserts that "the parties are from different states, and the amount in controversy exceeds $400,000." Dkt. No. 9 at 3. However, she does not explain that amount or provide any basis to believe that the value of the three pairs of shoes in question satisfies the

ORDER VACATING THE JUDGMENT, DISMISSING THE AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND - 5

amount in controversy requirement. And although Ms. Johnson asserts that she was "traumatized" by her interactions with Nordstrom employees and suffered resulting health consequences, *id.* at 4–6, she has not stated a claim that would allow her to recover those damages. Therefore, it does not appear that the allegation regarding the amount in controversy is made in good faith. *See Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (per curiam); *Young v. Bank of Am., N.A.*, No. 2:21-CV-9541-SVW-E, 2022 WL 1288224, at *1 (C.D. Cal. Mar. 31, 2022), *adhered to on reconsideration*, No. 2:21-CV-9541-SVW-E, 2022 WL 3013096 (C.D. Cal. May 26, 2022), *and appeal dismissed sub nom. Young v. Bank of Am., N.A.*, No. 22-55428, 2023 WL 3124880 (9th Cir. Feb. 8, 2023). The Court thus dismisses the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because Ms. Johnson is proceeding pro se and it is not "absolutely clear" that she cannot cure the deficiencies in her amended complaint, the Court grants her one final opportunity to file a complaint that establishes the Court's subject matter jurisdiction. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)); *Yuzhou Peng v. Microsoft Corp.*, No. 2:19-CV-639-RAJ, 2019 WL 6310558, at *2 (W.D. Wash. Nov. 25, 2019) (leave to amend "must be granted with extreme liberality"). If she fails to timely file an amended complaint correcting the identified deficiencies, the Court will dismiss this action.

### III.  CONCLUSION

For the foregoing reasons, the Court VACATES the judgment and order dismissing this case, Dkt. Nos. 7–8, and DISMISSES Ms. Johnson's amended complaint, Dkt. No. 9, without prejudice for lack of subject matter jurisdiction and with leave to amend.

ORDER VACATING THE JUDGMENT, DISMISSING THE AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND - 6

If Ms. Johnson wishes to pursue this matter, she must file a second amended complaint that establishes this Court's jurisdiction within thirty (30) days of the date of this Order. Ms. Johnson is advised that an amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Johnson believes support each claim, the citizenship of all defendants, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, the Court will dismiss this action and close the case.

Dated this 8th day of March, 2024.

*Lauren King*

Lauren King
United States District Judge

ORDER VACATING THE JUDGMENT, DISMISSING THE AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND - 7