UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON,<br><br>                        Plaintiff,<br>     v.<br><br>NORDSTROM,<br><br>                        Defendant. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER DENYING VOLUNTARY RECUSAL |

      This matter comes before the Court on pro se Plaintiff Amanda Johnson's second amended complaint, Dkt. No. 16, which the Court construes as both a second amended complaint and a motion for recusal. Having considered the motion and the remainder of the record, the undersigned judge declines to voluntarily recuse herself from this case.

      Under the Local Civil Rules of this Court, whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id*.

ORDER DENYING VOLUNTARY RECUSAL - 1

   Here, Ms. Johnson contends that the Court has exhibited "[f]avoritism for the defendants by practicing unfair preferential treatment for the defendants." Dkt. No. 16 at 10. She avers that the Court "asked her clerk Serge" to "hold upon issuing the summons" on January 16, 2024. *Id.* At that time, Ms. Johnson had not established the Court's subject matter jurisdiction over her complaint. Dkt. No. 3 (complaint); Dkt. No. 4 (January 19, 2024 Order dismissing the complaint without prejudice for lack of subject matter jurisdiction and granting Ms. Johnson leave to file an amended complaint).

   Ms. Johnson also contends that the Court cautioned that it would dismiss the case and "made derogatory remarks regarding the value of the plaintiff['s] shoes that were red line and never returned." Dkt. No. 16 at 10–11. The Court referenced the value of the shoes because Ms. Johnson asserted that the amount in controversy requirement was met based on the value of three pairs of shoes she returned to Nordstrom without receiving a refund. Dkt. No. 4 at 1–2. The Court explained that the complaint and amended complaint did not establish the Court's subject matter jurisdiction, granted Ms. Johnson leave to amend, and cautioned that the Court would dismiss the matter if she did not correct the deficiencies. *See generally* Dkt. Nos. 4, 12. As the Court noted, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Dkt. No. 4 at 2 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). And because "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), they are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting jurisdiction has the burden of establishing it.

ORDER DENYING VOLUNTARY RECUSAL - 2

*United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). The Court has given Ms. Johnson multiple opportunities to amend her complaint and establish the Court's jurisdiction. *See* Dkt. No. 4 at 3–4; Dkt. No. 12 at 6; *see also* Dkt. No. 14 at 1 (granting Ms. Johnson's motion for an extension of time to file a second amended complaint).

Because there is no basis to find that the undersigned judge's impartiality might reasonably be questioned or to find that there is an appearance of bias in this case, and because none of the other conditions for recusal laid out in 28 U.S.C. § 455 are met, the undersigned judge declines to recuse herself from this case. The undersigned judge DIRECTS the Clerk to refer the Motion to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

Dated this 22nd day of April, 2024.

*Lauren King*
Lauren King
United States District Judge