UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA JOHNSON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>NORDSTROM et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 16) |

This matter comes before the Court on Judge Lauren King's order (Dkt. No. 17) denying Plaintiff's motion for recusal (Dkt. No. 16).[1] Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a), (b)(1). In addition, recusal is required

---

[1] Judge King's order construes Plaintiff's amended complaint (Dkt. No. 16) as both a second amended complaint and a motion for recusal. (Dkt. No. 17 at 1.)

ORDER ON MOTION FOR RECUSAL (DKT. NO. 16) - 1

pursuant to § 144 when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Prior adverse rulings do not suffice as a legal basis on which to grant recusal.  *Id.*; *King v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994).

Plaintiff contends that Judge King expressed "[f]avoritism for the defendants" by "ask[ing] her clerk . . . [to] 'hold upon issuing the summons,'" making "derogatory remarks regarding the value of [Plaintiff's] shoes," "not exhibit[ing] any sympathy or concern for [Plaintiff]," and "assert[ing] 'the Court will dismiss this action and close the case.'"  (Dkt. No. 16 at 10–11.)  While Plaintiff does not identify the "derogatory remarks" concerning the value of Plaintiff's shoes, it appears Plaintiff takes issue with Judge King's conclusion that allegations concerning a "shoe return mix-up for [] three pairs" of shoes did not meet "the amount in controversy requirement" under 28 U.S.C. § 1332(a).  (Dkt. No. 4 at 3.)  The Court cannot find Plaintiff's arguments satisfy the legal standard for recusal, as they relate exclusively to the manner in which Judge King has presided over this case and identify no extrajudicial source of bias or prejudice.  Accordingly, the Court AFFIRMS Judge King's denial (Dkt. No. 17) of Plaintiff's motion for recusal (Dkt. No. 16).

Dated this 29th day of April 2024.

David G. Estudillo
United States District Judge