UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON,<br><br>                      Plaintiff,<br>     v.<br><br>NORDSTROM et al.,<br><br>                      Defendants. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER DENYING VOLUNTARY RECUSAL AND REQUEST FOR AN EXTENSION |

      This matter comes before the Court on pro se Plaintiff Amanda Johnson's Motion Re: District Judge Personal Bias and Prejudice Against Plaintiff. Dkt. No. 22. This is Ms. Johnson's second motion for recusal. Dkt. Nos. 16–18. Having considered the motion and the remainder of the record, the undersigned judge declines to voluntarily recuse herself from this case.

      Under the Local Civil Rules of this Court, whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id*. "The recusal statute does not provide a vehicle for parties to shop among judges" after the presiding

judge has issued an unfavorable ruling. *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988).

Ms. Johnson states that her "motion is for dealing with a racist judge, suffering with prejudice, discrimination, antagonism, and including the Tuskegee Syphilis Study." Dkt. No. 22 at 1. She contends that the Court has "withheld information from [her] as the Center for Disease Control and Prevention withheld information from the African American men and their wives." *Id.* Ms. Johnson may be referring to the Court's recent denial of her motion to compel discovery, Dkt. Nos. 15, 21, but her disagreement with the Court's ruling is not grounds for recusal, *King v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994).

Ms. Johnson also avers that the Court "could have issued the summons that plaintiff signed instead of constantly harassing [her] for the address of the defendants." Dkt. No. 22 at 2. None of the Court's orders has requested Defendants' addresses from Ms. Johnson, and it is unclear what she is referencing.[1] Also, the Court issued the summonses Ms. Johnson submitted before she filed this motion. Dkt. No. 20.

Because there is no basis to find that the undersigned judge's impartiality might reasonably be questioned or to find that there is an appearance of bias in this case, and because none of the other conditions for recusal laid out in 28 U.S.C. § 455 are met, the undersigned judge declines to recuse herself from this case. The undersigned judge DIRECTS the Clerk to refer the Motion to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

---

[1] Mr. Johnson may be referring to the Court's statements that if Ms. Johnson wanted to establish the Court's subject matter jurisdiction based on diversity, she had to identify the citizenship of the individual Defendants. Dkt. No. 4 at 3–4; Dkt. No. 12 at 7; *see also* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

1 | At the end of Ms. Johnson's motion for recusal, she states that "the self-representative needs analytic surgery therefore she is requesting an extension of time to file her affidavit of fact. Approximately, 5 weeks may be longer or shorter length time." Dkt. No. 22 at 2. Construing that statement as a request for an extension of time, the Court DENIES it as moot because there is no deadline pending for Ms. Johnson to file an "affidavit of fact."

Dated this 9th day of May, 2024.

*Lauren King* (signature)

Lauren King
United States District Judge

ORDER DENYING VOLUNTARY RECUSAL AND REQUEST FOR AN EXTENSION - 3