UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>NORDSTROM et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER AFFIRMING DENIAL (DKT. NO. 23) OF SECOND MOTION FOR RECUSAL (DKT. NO. 22) |

　　　　This matter comes before the Court on Judge Lauren King's order (Dkt. No. 23) denying Plaintiff's second motion for recusal (Dkt. No. 22).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

　　　　Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a), (b)(1).  In addition, recusal is required

pursuant to § 144 when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Prior adverse rulings do not suffice as a legal basis on which to grant recusal. *Id.*; *King v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994).

Invoking 28 U.S.C. § 455, Plaintiff asserts that she brings "[t]his motion [] for dealing with a racist judge." (Dkt. No. 22 at 1–2.) In particular, Plaintiff takes issue with Judge King "requesting information" that Plaintiff contends "has been withheld from [her]," including "[t]he mailing address of the defendants." (*Id.* at 1.)

Again, Plaintiff does not demonstrate recusal is warranted. The only alleged conduct of Judge King identified by Plaintiff relates to the manner in which Judge King presided over this case, which is insufficient to support a motion for recusal. *See, e.g., Mayes*, 729 F.2d at 607. The Court accordingly AFFIRMS Judge King's denial (Dkt. No. 23) of Plaintiff's second motion for recusal (Dkt. No. 22).

Dated this 29th day of May 2024.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL (DKT. NO. 23) OF SECOND MOTION FOR RECUSAL (DKT. NO. 22) - 2