UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON,<br><br>      Plaintiff,<br>  v.<br><br>NORDSTROM et al.,<br><br>      Defendants. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

   This matter comes before the Court on Plaintiff Amanda Johnson's Application for Court-Appointed Counsel. Dkt. No. 33. Having reviewed the application, the amended complaint, the balance of the record, and the applicable law, the Court denies Ms. Johnson's application to appoint counsel.

## I. BACKGROUND

   Ms. Johnson alleges that a Nordstrom employee "persecut[ed]" her based on her race when she attempted to obtain a refund for returned shoes. Dkt. No. 16 at 7–9, 11–12. She also contends that "Nordstrom has policies, plans, proposal, and blueprint in their organization to denigrate and undervalue African American according to history." *Id.* at 11; *see also id.* at 12 (accusing

Nordstrom of "systemic and structural racism"). She avers that the Court has diversity jurisdiction because the amount in controversy exceeds $4,000,000, she is a citizen of Alabama, and Nordstrom is a citizen of Washington. *Id.* at 1–2.

## II.   DISCUSSION

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). Although the Court has discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (first quoting 28 U.S.C. § 1915(e)(1), and then quoting *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984)), the statute is inapplicable here because Ms. Johnson is not proceeding *in forma pauperis*, *see* Nov. 29, 2023 Docket Entry. *See also Jackson v. Boeing Co.*, No. C21-654-MJP, 2021 WL 4168988, at *1 (W.D. Wash. Sept. 14, 2021) ("[A]s demonstrated by Plaintiff's ability to pay the filing fee, it appears Plaintiff has some funds available to retain an attorney."). Furthermore, Ms. Johnson did not file the required financial affidavit with her motion. Dkt. No. 33 at 1; *see also* https://www.wawd.uscourts.gov/sites/wawd/files/NonEmpCvrLtr.pdf (instructions for application for court-appointed counsel stating that "[i]f you have not been granted leave to proceed in forma pauperis in this action, complete and sign the attached Financial Affidavit").

Regardless, Ms. Johnson has not shown that exceptional circumstances exist. First, the Court cannot conclude that she is likely to succeed on the merits of her claims based on the undeveloped, limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). And she has not

otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016). Second, this case does not present unusually complex legal or factual issues that would preclude Ms. Johnson from articulating her claims pro se. *See Agyeman*, 390 F.3d at 1103–04. Her filings demonstrate an ability to articulate her claims. *See, e.g.*, Dkt. No. 16 at 7–9, 11–12. That she might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Third, Ms. Johnson has made no effort to obtain counsel on her own. Dkt. No. 33 at 3. Accordingly, Ms. Johnson has not shown that she is entitled to the appointment of counsel at this time.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Johnson's application to appoint counsel. Dkt. No. 33. Unless Ms. Johnson retains counsel, she is responsible for pursuing this case pro se. Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court and information about the Federal Bar Association's Legal Clinic. https://www.wawd.uscourts.gov/representing-yourself-pro-se. Although the Court affords some leeway to pro se litigants, they must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

Dated this 19th day of August, 2024.

Lauren King
United States District Judge