UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON,<br><br>     Plaintiff,<br> v.<br><br>NORDSTROM et al.,<br><br>     Defendants. | CASE NO. 2:23-cv-01813-LK<br><br>ORDER TO SHOW CAUSE |

  This matter comes before the Court sua sponte. Plaintiff Amanda Johnson filed this case in November 2023 and, after she filed an amended complaint, she was issued summonses in April 2024. Dkt. Nos. 1, 20. However, she has failed to serve the summons and complaint on Defendants within the time prescribed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m).

  "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be

ORDER TO SHOW CAUSE - 1

satisfied."). And when, as here, "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

In this case, even if the 90-day period did not begin to run until April 30, 2024 when summonses were issued, Dkt. No. 20, Ms. Johnson did not serve Defendants within 90 days thereafter. She recently filed a document titled "Notice of Service to the Defendants," Dkt. No. 41 at 1, but that filing does not demonstrate service. Rather, it shows that something was mailed through the United States Postal Service and signed for by non-party Ellen Jones in Tumwater, Washington. *Id.* at 2–3. This does not reflect service on any Defendant. And because Defendants have not waived service, Ms. Johnson must serve them as required by Federal Rule of Civil Procedure 4.[1]

The Court thus ORDERS Ms. Johnson, within 35 days of this Order, to either file proof of service or show cause why the Court should not dismiss her claims against Defendants without prejudice for failure to timely serve them in accordance with Rule 4. Alternatively, Ms. Johnson

//
//

---

[1] The Court notes that the United States District Court for the Western District of Washington's "Pro Se Guide," https://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual4_8_2013wforms.pdf, provides guidance for pro se litigants on various topics, including the service requirement.

ORDER TO SHOW CAUSE - 2

may request an extension of the 90-day period and establish good cause for such an extension. The Court will dismiss the case without prejudice absent a timely response.

Dated this 17th day of January, 2025.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3