UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON, | CASE NO. 2:23-cv-01813-LK |
| Plaintiff, | ORDER GRANTING LEAVE TO AMEND AND EXTENDING DEADLINE TO SHOW CAUSE |
| v. | |
| NORDSTROM et al., | |
| Defendants. | |

This matter comes before the Court on its order to show cause, Dkt. No. 42, on Plaintiff Amanda Johnson's proposed amended complaint, Dkt. No. 44, and on her two motions related to summons, Dkt. Nos. 45, 46. For the reasons set forth below, the Court grants Ms. Johnson leave to amend her complaint, directs the Clerk to issue her amended summons, and extends the time for her to serve Defendants.

## I.    BACKGROUND

This litigation has not proceeded expeditiously, to say the least. Ms. Johnson filed her complaint against Nordstrom and two of its employees in November 2023, Dkt. No. 1, has

1   amended her complaint twice since then, Dkt. Nos. 9, 16, and has never served Defendants as

2   required by Federal Rule of Civil Procedure 4. On January 17, 2025, the Court ordered Ms.

3   Johnson, within 35 days of the date of the Order, to file proof of service, show cause why the Court

4   should not dismiss her claims against Defendants without prejudice for failure to serve them, or

5   request an extension to serve. Dkt. No. 42 at 2–3. Instead of complying with the Court's Order,

6   Ms. Johnson filed an amended complaint, Dkt. No. 44, unaccompanied by a motion to do so,[1] and

7   motions related to summons, Dkt. Nos. 45, 46. The Court therefore first addresses the propriety of

8   the proposed amended complaint, and then the service issue.

9                                          **II.   DISCUSSION**

10          Because Ms. Johnson has already amended her complaint once, she can amend her

11  complaint now only with the Court's leave. Fed. R. Civ. P. 15(a)(2). She must also comply with

12  Local Civil Rule 15, which requires a party seeking to amend a complaint to file a motion and

13  "indicate on the proposed amended pleading how it differs from the pleading that it amends by

14  bracketing or striking through the text to be deleted and underlining or highlighting the text to be

15  added." Ms. Johnson did not file a motion for leave to amend or comply with Local Civil Rule 15.

16  However, Defendant Nordstrom, Inc. filed an answer and affirmative defenses to the proposed

17  amended complaint. Dkt. No. 48. Therefore, at this point, it would be inefficient to require Ms.

18  Johnson to move to file the same amended complaint, particularly in the absence of bad faith or

19  prejudice to Defendants. Accordingly, the Court grants Ms. Johnson leave to file her third amended

20  complaint, which is now the operative complaint. Dkt. No. 44. The Court reminds Ms. Johnson

21  that "pro se litigants, whatever their ability level, are subject to the same procedural requirements

22

23

24

---

[1] Because Ms. Johnson did not file a motion to amend her complaint, the Clerk appropriately docketed the filing as a "proposed" amended complaint. *Id.*

ORDER GRANTING LEAVE TO AMEND AND EXTENDING DEADLINE TO SHOW CAUSE - 2

1   as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), and the Court may

2   impose sanctions for further noncompliance with court rules.

3        In addition to failing to follow the applicable rules to amend her complaint, Ms. Johnson

4   has violated the Court's January 17, 2025 Order by failing to file proof of service, show cause for

5   that failure, or seek an extension of the now lapsed deadline to do so. Dkt. No. 42 at 2–3. A court

6   may dismiss an action based on a party's failure to obey a court order or comply with court rules.

7   *See, e.g.*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Here, though, Ms.

8   Johnson seems confused about issuance of summons. She states that "on 2/25/2025 the

9   administrative clerk alleged plaintiff complaint and summons has not been received yet." Dkt. No.

10  45 at 1. Consequently, she refiled two motions she had previously filed in January 2024:

11  (1) Motion for Non-Receipt of Summons, *id.* at 3–5, and (2) Motion to Amend for No Summons

12  Issue from the Court to Enlarge Before Expiration, Dkt. No. 46. However, the Court issued

13  summons after she filed these motions, Dkt. No. 20 at 1–2, so they are now moot. Ms. Johnson

14  has also filed an amended summons to Nordstrom with her proposed amended complaint, Dkt. No.

15  44 at 8, and the Court directs the Clerk to issue that summons. In light of Ms. Johnson's apparent

16  confusion about summons, the Court extends for good cause the time for her to serve Defendants

17  by thirty days from the date of this Order.

### III.  CONCLUSION

19       In light of the foregoing, the Court DIRECTS the Clerk to docket the proposed amended

20  complaint, Dkt. No. 44, as the third amended complaint, and issue the amended summons attached

21  thereto, *id.* at 8.

22       The Court DENIES Ms. Johnson's summons related motions as moot. Dkt. Nos. 45, 46.

23       The Court ORDERS Ms. Johnson, within 30 days of this Order, to serve each of the

24  Defendants with summons and her third amended complaint pursuant to Federal Rule of Civil

1    Procedure 4 and file proof of service with the Court, or show cause why this matter should not be

2    dismissed without prejudice. Alternatively, Ms. Johnson may file a motion requesting additional

3    time to serve Defendants and establish good cause for such an extension. Otherwise, the Court will

4    dismiss this case without prejudice.

5         Dated this 7th day of April, 2025.

6

7                                                    Lauren King
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING LEAVE TO AMEND AND EXTENDING DEADLINE TO SHOW CAUSE - 4