UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA JOHNSON, | CASE NO. 2:23-cv-01813-LK |
| Plaintiff, | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| v. | |
| NORDSTROM et al., | |
| Defendants. | |

This matter comes before the Court on its May 30, 2025 Order granting Plaintiff Amanda Johnson's Motion Requesting Additional Time to Serve Defendants. In that Order, the Court granted Ms. Johnson an additional thirty days to serve Defendants, cautioned her that it was her last extension absent extraordinary circumstances, and informed her that absent timely service, the Court would dismiss the case without prejudice. Dkt. No. 57 at 2. Because Ms. Johnson still has not served Defendants—after this case has been pending for over a year and a half—the Court dismisses this case without prejudice.

ORDER OF DISMISSAL WITHOUT PREJUDICE - 1

## I. BACKGROUND

On November 20, 2023, Ms. Johnson filed her complaint against Defendants Nordstrom and its employees "Will" and "Julie." Dkt. No. 1 at 1–2. She subsequently filed an amended complaint. Dkt. No. 16. On January 17, 2025, the Court ordered Ms. Johnson to show cause why the case should not be dismissed because she had not served any of the Defendants. Dkt. No. 42. The Court noted that Ms. Johnson had filed a document titled "Notice of Service to the Defendants," *id*. at 2, but that filing did not demonstrate service. Rather, it showed that something was mailed through the United States Postal Service and signed for by a non-party, but this did "not reflect service on any Defendant." *Id.* The Court reminded Ms. Johnson that she needed to serve Defendants as required by Federal Rule of Civil Procedure 4. *Id.* The Court ordered her to serve Defendants within 35 days of the order or show cause why the Court should not dismiss her claims without prejudice for failure to serve. *Id.* Alternatively, she could request an extension of the deadline and establish good cause for such an extension. *Id.* at 2–3 (stating that absent service or a request for an extension, the Court would dismiss the matter). The Court's order also directed Ms. Johnson to the Court's "Pro Se Guide," which includes a section on the service requirement. *Id.* at 2 n.1.[1]

On April 7, 2025, the Court again extended the time for Ms. Johnson to serve Defendants and ordered her to do so within thirty days of that order. Dkt. No. 49 at 3–4. The order provided that "[a]lternatively, Ms. Johnson may file a motion requesting additional time to serve Defendants and establish good cause for such an extension." *Id.* at 4. Before the thirty-day period elapsed, Ms. Johnson filed a motion for another extension of time to serve. Dkt. No. 54.

---

[1] *See* https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf (Pro Se Guide).

ORDER OF DISMISSAL WITHOUT PREJUDICE - 2

On May 30, 2025, the Court granted Ms. Johnson's motion for an extension, extended her deadline to serve Defendants, and required her to file proof of service with the Court within thirty days. Dkt. No. 57 at 2. The Court "caution[ed] Ms. Johnson that this [wa]s her last extension; she has had approximately one and a half years to properly initiate her case and serve defendants (including three extensions of time, Dkt. Nos. 14, 49, and this Order), and the Court will not grant another extension unless extraordinary circumstances warrant it." *Id.* The order stated that "[a]bsent timely service on the Defendants, the Court will dismiss this case without prejudice." *Id.*

On June 23, 2025, Ms. Johnson filed a "Certificate of Mailing United States Postal Service Copies" with the Court that shows that she personally mailed a copy of a subpoena to Nordstrom. Dkt. No. 58 at 1.

## II. DISCUSSION

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").[2] And when, as here, "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[I]f good cause is

---

[2] Although Nordstrom answered a prior version of the complaint, it preserved its objections to service and personal jurisdiction. Dkt. No. 48 at 2.

not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, more than 90 days have elapsed since Ms. Johnson filed her complaint, she has never served any Defendant as required by Rule 4, and she has not requested additional time to do so or shown good cause or excusable neglect to support another extension. Her most recent "Certificate of Mailing" does not demonstrate service. She mailed the summons to Nordstrom herself, Dkt. No. 58 at 1, but litigants cannot serve Defendants themselves, Fed. R. Civ. P. 4(c)(2); *see also see also* https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf at 24 ("You may not serve your own documents."). Nor is service by mail a proper method to serve a corporation. Fed. R. Civ. P. 4(h). Ms. Johnson has not filed proof that she served the individual Defendants either. After numerous prior extensions, Dkt. Nos. 14, 49, 57, there is no indication that Ms. Johnson will properly serve Defendants if another extension is granted, or that circumstances prevent her from effecting service.

The Court previously warned Ms. Johnson that if she did not serve Defendants in accordance with Federal Rule of Civil Procedure 4 (or seek an extension to do so), the Court would dismiss this case without prejudice. Dkt. No. 42 at 2–3; Dkt. No. 57 at 2. It does so now.

### III.  CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice. All pending motions are denied as moot. The Clerk of Court is directed to mail Ms. Johnson a copy of this Order at her last known address and close this case.

Dated this 3rd day of July, 2025.

Lauren King
United States District Judge